**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GREGORY C. LASH,**

       **Plaintiff,**

    vs.

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

                        **Civil Action 2:13-cv-1159
                        Judge Algenon L. Marbley
                        Magistrate Judge Elizabeth P. Deavers**

**REPORT AND RECOMMENDATION**

Plaintiff, Gregory C. Lash, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 18), Plaintiff's Reply (ECF No. 19), and the administrative record (ECF No. 10).  For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**I.    BACKGROUND**

Plaintiff filed his application for benefits on December 28, 2009, alleging that he has been disabled since July 12, 2008,[1] at age 46.  (R. at 136-42.)  Plaintiff alleges disability as a result of depression, diabetes, kidney problems, and back pain.  (R. at 193.)  Plaintiff's

---

[1] Plaintiff originally alleged that his disability onset date was January 1, 2005, but amended the date at the hearing based on when he stopped working.  (R. at 38.)

application for benefits was denied initially and upon reconsideration.  Plaintiff sought a *de novo* hearing before an administrative law judge.

Administrative Law Judge J. Dell Gordon (the "ALJ") held a video hearing on February 2, 2012, at which Plaintiff, who was represented by counsel, appeared and testified.  (R. at 39-59.)  Vocational Expert Margaret A. Kelsay (the "VE") also appeared and testified.  (R. at 59-65.)  On June 25, 2012, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 10-27.)  On September 25, 2013, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-4.)  Plaintiff then timely commenced the instant action.

**A.     Relevant Testimony**

At Plaintiff's hearing before the ALJ, the VE testified that Plaintiff's past relevant work included a "ward clerk, or unit clerk," which he performed at a semi-skilled, light exertional level.  (R. at 60.)

The ALJ then asked the VE a series of questions about a hypothetical individual with Plaintiff's age, educational background, work experience, and the following capabilities and limitations: limited to medium exertional work and never being able to use ladders, scaffolds or ropes; able to perform only simple tasks and some complex tasks with routine situations.  (R. at 60-61.)  Based on this hypothetical, the VE acknowledged that Plaintiff could not perform his past relevant work as a unit clerk.  The VE testified, however, that the hypothetical person could perform other jobs in the regional and national economy at the unskilled, medium exertional level, which includes kitchen helper (7,000 jobs in the State of Ohio and 374,000 in the nation) and hospital cleaner (1,800 jobs in the State of Ohio and 74,000 in the nation), as well as jobs at

2

the unskilled, light exertional level, which includes car wash attendant (2,200 jobs in the State of Ohio and just over 65,000 in the nation). (R. at 61-62.)

The ALJ proposed a second hypothetical question to the VE in which the ALJ asked the VE to assume that he finds Plaintiff's testimony to be credible and his impairments to be sufficiently supported by the medical evidence. The ALJ asked if, under those circumstances, any jobs exist that the hypothetical person could perform. (R. at 62.) The VE testified that no jobs exist that the second hypothetical person could perform. *Id.*

When cross-examined by Plaintiff's counsel, the VE acknowledged that a person with mental limitations described in two of Plaintiff's treating physicians' reports from Drs. Nandra and Purewal would not be able to access competitive employment. (R. at 64-65.) Finally, the VE testified that her testimony does not conflict with the Dictionary of Occupational Titles ("DOT"). (R. at 62.)

**B.     The ALJ's Decision**

On June 25, 2012, the ALJ issued his decision. (R. at 10-27.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially

---

[2]Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

gainful activity since his amended alleged onset date of July 12, 2008. (R. at 15.) At the second stage of the sequential process, the ALJ found that Plaintiff has the severe impairments of "degenerative disease; diabetes mellitus; obesity; major depressive disorder, recurrent, without psychotic features; anxiety disorder not otherwise specified; personality disorder not otherwise specified with dependent features; and opioid dependence, early full remission by report." (*Id.*) The ALJ concluded that Plaintiff's restrictive lung disease is not a severe impairment. (R. at 19.) At step three of the sequential evaluation process, he found that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

At step four of the sequential process, the ALJ assessed Plaintiff's RFC. The ALJ explained as follows:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with some exceptions. [Plaintiff] occasionally can lift and/or carry, and push and/or pull 50 pounds, and frequently can lift and/or carry, and push and/or pull 25 pounds. He can stand and/or walk for a total of six hours in an eight-hour workday, and can sit for about six hours in an eight-hour workday. He cannot climb ladders, ropes, or scaffolds. He can perform only simple and some complex tasks in routine situations. He can interact with others on a superficial and occasional basis.

(R. at 21.) In reaching this determination, the ALJ gave "little" weight to the opinion of Dr. Nandra, finding that "based on one visit, the doctor opined the claimant is totally disabled, which is not enough time to establish such an assessment." (R. at 23.) The ALJ gave "far more

---

> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

4

weight" to Dr. Purewal's opinion, noting that Dr. Purewal "has seen the claimant for over two years." (R. at 24.) He also found Dr. Purewal's opinion to be consistent with the state-agency psychologists' opinions. The ALJ afforded the assessments of the state-agency psychologists, Drs. Warren and Bergsten, "great weight," noting their opinions accounted for Plaintiff's subjective allegations as well as the findings of the consultative psychologist, Dr. Bousquet, and Dr. Purewal. (*Id.*). The ALJ further noted that Plaintiff's own statements concerning the intensity, persistence, and limiting effects of his symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. (R. at 23.)

At the fifth step of the sequential process, the ALJ, relying on the VE's testimony, determined that Plaintiff could not perform his past relevant work as a unit clerk, but found that jobs exist in significant numbers in the state and national economy that Plaintiff can perform. (R. at 25-26.) He therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 26-27.)

## VI.   STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486

F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. *TNS, Inc. v. NLRB*, 296 F.3d 384, 394–95 (6th Cir. 2002). The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *Id.* at 395 (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VII.   ANALYSIS

In his Statement of Errors, Plaintiff asserts that the ALJ erred in failing to include a social-interaction mental health limitation in the hypothetical question presented to the VE. Plaintiff submits that because the ALJ did not include this additional mental health limitation in the hypothetical to the VE, the ALJ's finding that Plaintiff can perform other available work is not supported by substantial evidence. As explained below, the Undersigned finds this

contention to be well-taken and **RECOMMENDS** that this case be **REMANDED** to the Commissioner under Sentence Four of § 405(g).[3]

In the instant action, the VE's testimony cannot serve as substantial evidence that Plaintiff can perform other work. It is "'well established an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.'" *Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) (quoting *Casey v. Sec'y of Health and Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). "'In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments.'" *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (quoting *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *see also Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 118 (6th Cir. 2010) ("If the ALJ relies on a vocational expert's testimony in response to a hypothetical to conclude that the claimant is capable of performing a number of jobs, the hypothetical question must describe the claimant in all significant, relevant respects."). "[A]lthough a hypothetical question need not incorporate a listing of the claimant's medical conditions, the vocational expert's testimony, to be reliable, must take into account the claimant's functional limitations, *i.e.*, what he or she 'can and cannot do.'" *Infantado v. Astrue*, 263 F. App'x 469, 476 (6th Cir. 2008) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632-33 (6th Cir. 2004)).

---

[3]Given that remand is necessary on the basis of Plaintiff's first contention of error, the Undersigned will not address Plaintiff's assertion that the ALJ failed to adhere to the treating physician rule in weighing the opinion evidence in this case. (ECF No. 11.)

In this case, the ALJ's hypothetical question to the VE did not adequately account for all of the limitations within the RFC he assigned. Namely, the ALJ failed to include that Plaintiff "can interact with others on a superficial and occasional basis." (R. at 21.) In determining Plaintiff's RFC, the ALJ specifically adopted the findings of the state-agency psychologists. (R. at 24.) The ALJ explained that their opinions accounted for Plaintiff's subjective allegations and the consultative psychologist's findings. He further explained that the state-agency psychologists' opinions were well supported by the record, including Dr. Purewal's opinion. (*Id.*) In her Functional Capacity Assessment of Plaintiff, state-agency psychologist Vicki Warren concluded that "[Plaintiff] is able to interact with others on a superficial and occasional basis." (R. at 500.) The ALJ adopted this finding and included the limitation in Plaintiff's RFC assessment. (R. at 21.) The ALJ failed, however, to include this limitation in the hypothetical to the VE. (R. at 60-61.)

As set forth above, in response to the ALJ's hypothetical, the VE testified that the hypothetical individual could perform jobs available in significant numbers in the regional and national economy. (R. at 61.) The ALJ then relied upon the VE's testimony in concluding that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and that a finding of "not disabled" is therefore appropriate. (R. at 26.) The Undersigned concludes that this finding is not supported by substantial evidence because the hypothetical did not accurately portray Plaintiff's mental impairments.

The Undersigned rejects Defendant's contention that "[w]hile the hypothetical question to the VE could have included more explicit restrictions, it portrayed Plaintiff's limitations accurately." (Def.'s Resp. 8, ECF No. 18.) To the extent the ALJ finds this mental health

limitation credible such that he included it in Plaintiff's RFC assessment, he must account for it for it in his hypothetical question to the VE.  Furthermore, from the jobs the vocational expert provided, it is likely that Plaintiff's ability to interact with others on a superficial and occasional basis will have an effect on the availability of positions.

Based on the inconsistency between the ALJ's RFC and hypothetical question upon which the ALJ relied in this case, substantial evidence does not support the Commissioner's ultimate finding that Plaintiff is "not disabled."  (R. at 26.)  Accordingly, remand is necessary for clarification of the record and re-evaluation of the evidence.

## VIII.   CONCLUSION

Accordingly, the Undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner for further proceedings.

## IX.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 4, 2015                                             /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge