IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY C. LASH,**

    **Plaintiff,**

                              Civil Action 2:13-cv-1159
   **v.**                            Judge Algenon L. Marbley
                              Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act.  (ECF No. 23.)  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

**I.**

Plaintiff filed this action on November 18, 2013, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner").  (ECF No. 3.)  On March 5, 2015, this Court reversed the Commissioner's nondisability finding and remanded this case to the Commissioner and the Administrative Law Judge pursuant to Sentence Four of 42 U.S.C. § 405(g).  (ECF No. 21.)

On April 2, 2015, Plaintiff filed the instant Motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,935.00.  (ECF No. 23.)  The Commissioner has not opposed Plaintiff's Motion.

## II.

The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA). The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the Court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

## III.

In the instant action, Plaintiff requests an award of attorney's fees in the amount of $6,935.00. Plaintiff's requested attorney's fees were calculated at the rate of $190 per hour, for 36.50 hours of work. Plaintiff submits that the higher hourly rate accounts for the prevailing rate

for Social Security attorneys in Ohio, cost of living increases, as well as the prevailing rate for an attorney with Plaintiff's counsel's skill, experience, and reputation.  The Commissioner does not contest the reasonableness of the number of hours Plaintiff's counsel worked on this case or the requested hourly rate.  Nor does she contend that her position was substantially justified or that Plaintiff was not the prevailing party within the meaning of the EAJA.

Having reviewed Plaintiff's supporting documentation, the Undersigned concludes that he has provided satisfactory evidence to support his counsel's requested fees and that the award does not present counsel with a windfall fee.  In addition, the Undersigned finds that the requested fee is reasonable.  Accordingly, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act and **AWARD** Plaintiff fees in the amount of **$6,935.00.**  (ECF No. 23.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  May 8, 2015                                    /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge